## THE ARCHIMEDES.

(District Court, S. D. New York. July 29, 1925.)

Seamen ⬤⟳23—Statute prohibiting payment of seamen's wages in advance inapplicable to advancements by foreign vessel in foreign port.

Seamen's Act 1915, § 11 (a), as amended by Act June 5, 1920, § 32 (Comp. St. Ann. Supp. 1923, § 8323), declaring it unlawful to pay a seaman wages in advance, and that such advance, whether made within or without the United States, or territory subject to jurisdiction thereof, shall not absolve from full payment of wages actually earned, *held*, in view of Act March 4, 1915, § 11, cl. (e), being Comp. St. § 8323, and section 4 (Comp. St. § 8322), inapplicable to advancements by foreign vessel in foreign port.

In Admiralty. Libel by John James Jackson and others against the steamship Archimedes; Lamport & Holt, Limited, claimant. Libel dismissed.

Silas B. Axtell, of New York City, for libelants.

Burlingham, Veeder, Masten & Fearey, of New York City (William J. Dean, of New York City, of counsel), for claimant.

Frederic R. Coudert and Howard T. Kingsbury, both of New York City, for the British Embassy in the United States, as amici curiæ.

AUGUSTUS N. HAND, District Judge. The libelants are seamen who received advances upon their wages while in a British port. The ship was British, they signed the articles in Manchester, England, and each received an advance of wages before sailing. When they reached New York they demanded a sum as half wages, based on a calculation which disregarded the advance in the foreign port, and, the demand having been refused, left the ship and filed this libel for full wages and a statutory penalty.

I shall not discuss the testimony of the seaman, Lewis, which furnishes considerable basis for supposing that the demand for half wages was not made in good faith, but only as a means whereby these somewhat dissatisfied seamen might desert the ship and at the same time not lose the balance of their wages. The Tairoa (C. C. A.) 297 F. 449; The Belgier (D. C.) 246 F. 966. The libel must in any event be dismissed, because the Jones Act (41 Stat. 988) does not cover the payment of advance wages on a foreign ship in a foreign port. This was settled by the decision in Sandberg v. McDonald, 248 U. S. 185, 39 S. Ct. 84, 63 L. Ed. 200, construing section 11 of the Seamen's Act of 1915 (Comp. St. § 8323). But for the amendment

of 1920 (Comp. St. Ann. Supp. 1923, § 8323) there could be no question that an advance made to a seaman in a foreign port cannot be treated as invalid here, if valid, as in this case, where made. After the decision of the Supreme Court in Neilson v. Rhine Shipping Co., 248 U. S. 205, 39 S. Ct. 89, 63 L. Ed. 208, which construed section 11 of the Seamen's Act of 1915 as not prohibiting advance payment of wages when made by an American vessel to secure seamen in a foreign port, the act was amended (Act June 5, 1920, c. 250, § 32, 41 Stat. 1006 [Comp. St. Ann. Supp. 1923, § 8323]), so as to embrace the words which I have underscored and to read as follows:

"(a) It shall be, and is hereby, made unlawful in any case to pay any seaman wages in advance of the time when he has actually earned the same, or to pay such advance wages, or to make any order, or note, or other evidence of indebtedness therefor to any other person, or to pay any person, for the shipment of seamen when payment is deducted or to be deducted from a seaman's wages. Any person violating any of the foregoing provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine of not less than $25 nor more than $100, and may also be imprisoned for a period of not exceeding six months, at the discretion of the court. The payment of such advance wages or allotment, *whether made within or without the United States or territory subject to the jurisdiction thereof,* shall in no case except as herein provided absolve the vessel or the master or the owner thereof from the full payment of wages after the same shall have been actually earned, and shall be no defense to a libel suit or action for the recovery of such wages. If any person shall demand or receive, either directly or indirectly, from any seaman or other person seeking employment, as seaman, or from any person on his behalf, any remuneration whatever for providing him with employment, he shall for every such offense be deemed guilty of a misdemeanor and shall be imprisoned not more than six months or fined not more than $500."

Act March 4, 1915, c. 153, § 11 (e), 38 Stat. 1169 (Comp. St. § 8323), reads: "This section shall apply as well to foreign vessels while in the waters of the United States, as to vessels of the United States, and any master, owner, consignee, or agent of any foreign vessel who has violated its provisions shall be liable to the same penalty that the master, owner, or agent of a vessel of the United States would be for similar violation. The master, owner, consignee, or agent of any vessel of the United States, or of any foreign vessel seeking clearance from a port of the United States, shall present his shipping articles at the office of clearance, and no clearance shall be granted any such vessel unless the provisions of this section have been complied with.".

It is contended on behalf of libelants that the amendment of the former clause, by the insertion of the words "whether made within or without the United States or territory subject to the jurisdiction thereof," shows that Congress intended to forbid advances by foreign vessels in foreign ports. But the later clause (e) providing that "this section shall apply as well to foreign vessels while in waters of the United States, as to vessels of the United States," was in the section before amendment and remained after amendment. The words "as well to foreign vessels while in waters of the United States, as to vessels of the United States," have no qualifying meaning if the section has the same bearing on foreign as on American vessels. It seems more logical to suppose that the words "whether made within or without the United States" were inserted in order to prohibit advances to seamen on American vessels, though made in foreign ports, and to avoid the effect of the decision of the Supreme Court in Neilson v. Rhine Shipping Co., 248 U. S. 205, 39 S. Ct. 89, 63 L. Ed. 208, which held such advances permissible. Clause (e), § 11, of the Seamen's Act March 4, 1915, c. 153, still permits advances on foreign vessels in foreign ports.

It is true that in Strathearn S. S. Co. v. Dillon, 252 U. S. 348, 40 S. Ct. 350, 64 L. Ed. 607, it was held that half wages wherever earned might be demanded in an American port by a seaman on a foreign vessel and "if the master should refuse to pay them the seaman would be entitled to full payment of wages earned." But section 4530 of the Revised Statutes, as amended, which became section 4 of the Seamen's Act of 1915 (Comp. St. § 8322), provided: "That this section shall apply to seamen on foreign vessels while in harbors of the United States, and the courts of the United States shall be open to such seamen for its enforcement." The court said, at page 355 (40 S. Ct. 352): "In the case of Sandberg v. McDonald, 248 U. S. [185, 39 S. Ct. 84, 63 L. Ed. 200], supra, we found no purpose manifested by Congress in Sec. 11 to interfere with wages advanced in foreign ports under contracts legal where

made. That section dealt with advancements, and contained no provision such as we find in section 4. Under section 4 all contracts are avoided which run counter to the purposes of the statute."

The libel is dismissed, with costs.